**WARNING: THIS DOCUMENT FILED UNDER SEAL**

EDWARD H. KUBO, JR. 2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI 2286
Chief, Narcotics Section

THOMAS MUEHLECK 3591
MARK A. INCIONG 163443
Assistant U.S. Attorneys
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808)541-2850
Facsimile:  (808)541-2958
Tom.Muehleck@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 4 2004

at _____ o'clock and _____ min. ___ M
WALTER A. Y. H. CHINN, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII       CR04-00400

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. _____ |
| | ) |
| Plaintiff, | ) INDICTMENT |
| | ) [21 U.S.C. §§ 846, 841(a)(1) and |
| vs. | ) 843(b)] |
| | ) |
| | ) |
| SHAM VIERRA,           (01), | ) |
| MARCO ANTONIO | ) |
|   DAVIDSON-CERVANTES,  (02), | ) |
| ADELE M. CRISTE,       (03), | ) |
| LESLIE JARAMILLO,      (04), | ) |
| ROBERT EISLER,         (05), | ) |
| MELISSA ORDONEZ,       (06), | ) |
| | ) |
| Defendants. | ) |
| | ) |

SEALED
BY ORDER OF THE COURT

INDICTMENT

Count 1

The Grand Jury charges that:

From a date unknown but from at least on or about October 1, 2002, to on or about September 30, 2004, in the District of Hawaii, the defendants SHAM VIERRA, MARCO ANTONIO DAVIDSON-CERVANTES, ADELE M. CRISTE, LESLIE JARAMILLO, ROBERT EISLER and MELISSA ORDONEZ did conspire together with each other and with Fernando Iribe Tirado, Moses Kiakona, aka "Paele," George Keahi, aka "Uncle Louie," aka "Opelu," Arnold C. Arruiza, Glenn P. Fernandez, Mary H. Vandervelde, Antonio Panlasigui, Jr., aka "Tony," Dawn R. Galarita, Tiare M. Smith, Brian U'u, Chris Tolbert, Thomas Barros, Jr., aka "Sparky," not defendants herein, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

Ways and Means of Accomplishing the Conspiracy

The co-conspirators reached and attempted to reach the objectives of this conspiracy using the following ways and means, among others:

1.    It was part of the conspiracy that from 2002 and continuing through September 2004, Moses Kiakona, aka "Paele," not a defendant herein, obtained quantities of methamphetamine from individuals in California for distribution on Maui and Lanai.

2.    It was further part of the conspiracy that the co-conspirators used long distance telephone calls, cellular telephones and rental cars to arrange for the distribution and to distribute methamphetamine.

3.    It was further part of the conspiracy that the co-conspirators concealed the income and assets derived from the sale of methamphetamine.

Overt Acts

In furtherance of the conspiracy and to effect the objectives of this conspiracy, the defendants and their co-conspirators performed overt acts in the District of Hawaii and elsewhere, including but not limited to:

1.    During October 2002, defendant SHAM VIERRA distributed a quantity of methamphetamine to defendant ROBERT EISLER;

2.    On or about January 31, 2003, Moses Kiakona, aka "Paele," not a defendant herein, met with Fernando Iribe Tirado, not a defendant herein, and others in Wailuku, Maui;

3

3.  On or about February 4, 2003, defendant ROBERT EISLER held a quantity of methamphetamine for distribution in a residence in Lahaina, Maui;

4.  On or about February 11, 2003, defendant SHAM VIERRA caused to be sent by Federal Express approximately $100,000 in United States currency from Maui to defendant MARCO ANTONIO DAVISON-CERVANTES in San Ysidro, California;

5.  On or about June 7, 2004, Glenn P. Fernandez, not a defendant herein, possessed a quantity of methamphetamine on Maui;

6.  On or about July 15, 2004, defendants SHAM VIERRA and MELISSA ORDONEZ spoke on the telephone concerning a distribution of a quantity of methamphetamine;

7.  On or about July 19, 2004, defendant MARCO ANTONIO DAVIDSON-CERVANTES crossed into the United States at San Ysidro port of entry;

8.  On or about July 20, 2004, defendant MARCO ANTONIO DAVIDSON-CERVANTES flew to Maui from Los Angeles, California, on board an American Trans Air flight;

9.  On or about July 20, 2004, George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein, spoke on the telephone with defendant SHAM VIERRA concerning a distribution of two ounces of methamphetamine;

10.   On or about July 20, 2004, defendant SHAM VIERRA spoke on the telephone with George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein, concerning the distribution of two ounces of methamphetamine;

11.   On or about July 20, 2004, defendant SHAM VIERRA, spoke on the telephone with Brian U'u, not a defendant herein, concerning the distribution of two ounces of methamphetamine;

12.   On or about July 20, 2004, Mary H. Vandervelde, not a defendant herein, travelled from Lanai to Maui in order to obtain a quantity of methamphetamine for distribution on Lanai;

13.   On or about July 20, 2004, George Keahi, aka "Uncle Louie,", aka "Opelu," not a defendant herein, spoke on the telephone with Arnold C. Arruiza, not a defendant herein.

14.   On or about July 20, 2004, defendant MARCO ANTONIO DAVIDSON-CERVANTES met with defendant SHAM VIERRA on Maui;

15.   On or about July 21, 2004, defendant SHAM VIERRA spoke on the telephone with George Keahi, aka "Uncle Louie," aka "Opelu," not a defendant herein;

16.   On or about July 23, 2004, Brian U'u, not a defendant herein, held approximately $5,300 in United States currency in Lahaina, Maui;

17.   On or about July 27, 2004, defendant MARCO ANTONIO DAVIDSON-CERVANTES flew from Maui to Los Angeles, California, aboard an American Trans Air flight;

18.   On or about August 15, 2004, defendant SHAM VIERRA spoke on the telephone with Tiare M. Smith, not a defendant herein, concerning the distribution of a quantity of methamphetamine;

19.   On or about August 20, 2004, defendant SHAM VIERRA spoke on the telephone with Moses Kiakona, aka "Paele," not a defendant herein;

20.   On or about August 20, 2004, defendant SHAM VIERRA spoke on the telephone with defendant LESLIE JARAMILLO;

21.   On or about August 20, 2004, defendant SHAM VIERRA spoke on the telephone with Brian U'u, not a defendant herein;

22.   On or about August 20, 2004, defendant SHAM VIERRA spoke on the telephone with Antonio Panlasigui, Jr., aka "Tony," not a defendant herein, concerning the distribution of a quantity of methamphetamine;

23.   On or about August 20, 2004, defendant SHAM VIERRA spoke on the telephone with defendant LESLIE JARAMILLO;

24.   On or about August 21, 2004, defendant SHAM VIERRA spoke on the telephone with defendant LESLIE JARAMILLO;

25.   On or about August 21, 2004, Brian U'u, not a defendant herein, held a quantity of methamphetamine for distribution;

26.   On or about August 21, 2004, defendant SHAM VIERRA spoke on the telephone with Antonio Panlasigui, Jr., aka "Tony,"

not a defendant herein, concerning the distribution of a quantity

of methamphetamine;

27. On or about August 22, 2004, defendants SHAM

VIERRA and ADELE M. CRISTE held approximately two pounds of

methamphetamine for distribution;

28. On or about August 22, 2004, Antonio Panlasigui,

Jr., aka "Tony," not a defendant herein, made a telephone call to

defendant SHAM VIERRA to obtain a quantity of methamphetamine;

29. On or about August 23, 2004, defendant SHAM VIERRA

spoke on the telephone with Dawn R. Galarita, not a defendant

herein;

30. On or about August 24, 2004, defendant SHAM VIERRA

spoke on the telephone with Dawn R. Galarita, not a defendant

herein;

31. On or about August 24, 2004, defendants SHAM

VIERRA and ADELE M. CRISTE spoke on the telephone;

32. On or about August 24, 2004, defendants SHAM

VIERRA and ADELE M. CRISTE spoke on the telephone;

33. On or about September 12, 2004, defendant SHAM

VIERRA spoke on the telephone with Chris Tolbert, not a defendant

herein, concerning the distribution of a quantity of

methamphetamine;

34.  On or about September 30, 2004, Moses Kiakona, aka "Paele," not a defendant herein, held approximately $140,000 in United States currency in a house in Honokohau Valley on Maui;

35.  On or about September 30, 2004, Chris Tolbert, not a defendant herein, held a quantity of methamphetamine in an apartment in Lahaina, Maui, for distribution.

All in violation of Title 21, United States Code, Section 846.

## Count 2

The Grand Jury further charges that:

On or about February 4, 2003, in the District of Hawaii, defendant ROBERT EISLER did knowingly and intentionally possess with intent to distribute five grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

## Count 3

The Grand Jury further charges that:

On or about July 15, 2004, in the District of Hawaii, defendant MELISSA ORDONEZ did knowingly and intentionally possess with intent to distribute five grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

### Count 4

The Grand Jury further charges that:

On or about August 20, 2004, in the District of Hawaii, defendants SHAM VIERRA and LESLIE JARAMILLO did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### Count 5

The Grand Jury further charges that:

On or about August 21, 2004, in the District of Hawaii, defendants SHAM VIERRA and LESLIE JARAMILLO did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### Count 6

The Grand Jury further charges that:

On or about August 22, 2004, in the District of Hawaii, defendants SHAM VIERRA and ADELE M. CRISTE did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its salts, that is, approximately 1,000 grams of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

### Count 7

The Grand Jury further charges that:

On or about August 24, 2004, in the District of Hawaii, defendants SHAM VIERRA and ADELE M. CRISTE did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## Count 8

The Grand Jury further charges that:

On or about August 24, 2004, in the District of Hawaii, defendants SHAM VIERRA and ADELE M. CRISTE did knowingly and intentionally use and cause to be used a communications facility, that is, a telephone, in causing or facilitating the commission of a conspiracy to possess with intent to distribute and to distribute 50 grams of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, a felony under title 21 United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## SENTENCING ALLEGATIONS

1.  With respect to Count 1 of the Indictment, the defendants distributed, possessed with intent to distribute and conspired to distribute and possess with intent to distribute approximately one hundred twenty (120) pounds of methamphetamine, its salts, isomers and salts of its isomers.

2.  With respect to Count 1 of the Indictment defendant SHAM VIERRA acted as an organizer, leader, manager or supervisor.

//

//

//

OCT 1 4 2004

DATE: _____, 2004, Honolulu, Hawaii.

A TRUE BILL

/s/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section


_____
THOMAS MUEHLECK
Assistant U.S. Attorney


_____
MARK A. INCIONG
Assistant U.S. Attorney


United States v. Sham Vierra, et al.
Cr. No. _____
INDICTMENT